UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                          Case No. 1:16-cr-20625

v.                                           Honorable Thomas L. Ludington

D–1 DENIS BURKE,
D–2 PARISVILLE DAIRY
D-3 DUNGUNSTOWN DAIRY

                Defendants.

_____/

**ORDER STRIKING GRAND JURY TRANSCRIPT AND DIRECTING THE
GOVERNMENT TO SHOW CAUSE**

On September 14, 2016, an indictment was returned which charged Defendants Denis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy in several counts related to the employment of illegal aliens on the dairy farms. ECF No. 1. Madeline Burke has since pleaded guilty. ECF No. 45. On May 30, 2017, the two motions were filed. ECF Nos. 40, 41. In the first motion, the Defendant Denis Burke argues that the indictment should be dismissed because the Government is selectively prosecuting only dairy farmers of foreign origin for employing illegal aliens. In the second, the three remaining Defendants seek dismissal of the indictment because the Government has deported the "alien witnesses whose testimony would be exculpatory." ECF No. 41 at 1.

On June 20, 2017, Defendants filed their reply brief in support of their motion alleging selective prosecution. ECF No. 53. Defendants also filed two exhibits. ECF No. 54. One of the exhibits is a partial transcript of testimony provided during the grand jury proceedings in *United States of America v. Irene Maria Martinez Gonzales*, Case No. 1:16-cr-20146. *See* Grand Jury

Tr., ECF No. 54, Ex. A. In the index of exhibits, defense counsel explains that the transcript

"was provided to me by the government during the government's discovery production." Decl.

Vaccaro at 1, ECF No. 54.

## I.

The "rule of grand jury secrecy . . . is an integral part of our criminal justice system."

*Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 219 n.9 (1979). The reasons for

the rule have been summarized as follows:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, *629 and from the expense of standing trial where there was no probability of guilt.

*United States v. Rose*, 215 F.2d 617, 628–29 (3d Cir. 1954).

Because of its paramount importance, the secrecy of grand jury proceedings "must not be broken

except where there is a compelling necessity." *United States v. Procter & Gamble Co.*, 356 U.S.

677, 682 (1958). And, importantly, the rule of secrecy continues even after the grand jury has

been dissolved and the resulting criminal prosecutions have ended. *In re Grand Jury*

*Proceedings*, 841 F.2d 1264, 1268 (6th Cir. 1988). As the Sixth Circuit has explained:

> The need for secrecy continues, if not with unabated strength, even after the grand jury has decided, as it had decided in *Procter & Gamble*, not to return an indictment. The need for secrecy continues even after the grand jury has been dissolved, as it had been in *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Douglas Oil Co. v. Petrol Stops Northwest, supra*; and *United States v. John Doe, Inc. I*, 481 U.S. 102, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987). And the need for secrecy continues even after the persons indicted by the grand jury have pleaded guilty, as they had in *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). "[I]n considering the effects of disclosure on grand jury proceedings," the Supreme Court has told us, "the courts must consider not only the immediate effects upon a particular grand

jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil*, 441 U.S. at 222, 99 S.Ct. at 1674.

*Id.*

Federal Rule of Criminal Procedure 6 codifies the obligation of Government attorneys to preserve the secrecy of matters "occurring before the grand jury." Rule 6(e)(2)(B). Although Rule 6 also provides exceptions that permit government attorneys to disclose matters that occurred before the grand jury, none of those exceptions permit discretionary disclosure to defense attorneys. *See* Rule 6(e)(3)(A)–(D). Rule 6(e)(3)(E) specifies that the "court may authorize disclosure" at the request of a defendant or the government. Given the importance and wide-ranging scope of the secrecy requirement, courts must "weigh carefully the competing interests in light of the relevant circumstances and the standards" in determining whether to grant a motion for disclosure. *Douglas Oil Co. of California*, 441 U.S. at 223. *See also* Rule 6(e)(3)(E) ("The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter.").

## II.

No motion for disclosure was made here. Rather, Defendant represents that the disclosure of the transcript was made "during the government's discovery production." Decl. Vaccaro at 1. But none of the rules governing discovery in federal criminal cases authorize automatic disclosure of the transcript in question. Federal Rule of Criminal Procedure 16 requires disclosure to a defendant of any testimony the defendant may have given to a grand jury. *See* Rule 16(a)(1)B)(iii). But the testimony at issue here is not the Defendants' testimony. And Rule 16(a)(3) confirms that "[t]his rule does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in rules 6, 12(h), 16(a)(1), and 26.2." None of those cross-references are implicated here.

The Government also has disclosure obligations under the Jencks Act. "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). But "[t]he defendant is only entitled to the statement after the witness has testified." *Id.* Here, the individual who gave testimony to the grand jury testified in the *Martinez Gonzales* trial, but will not necessarily testify at trial in the current case. And even if the Government anticipates calling the witness at trial, pretrial disclosure of grand jury transcripts still requires a finding of "'particularized need'" on the part of the trial court, in accordance with Rule 6(e). *Short*, 671 F.2d at 186. And, as explained above, the importance of maintaining the secrecy of a given grand jury proceeding continues indefinitely, although with reduced emphasis.

Given this legal and factual background, the Government will be directed to furnish legal authority for production of the grand jury transcript. The transcript will be stricken pending resolution of the issue or a motion for disclosure in compliance with Rule 6. When conducting a Rule 6(e)(2) investigation, "*in camera* and/or *ex parte* proceedings" are the "norm." *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1073–75 (D.C. Cir. 1998). Accordingly, the Government's submission should be *ex parte* and *in camera.*

### III.

Accordingly, it is **ORDERED** that the Clerk's Office is **DIRECTED** to **STRIKE** the Excerpt of Grand Jury Testimony, ECF No. 54, Ex. A.

It is further **ORDERED** that the Government is **DIRECTED** to show cause, in writing, why Rule 6(e) has not been violated **on or before July 10, 2017.** The Government's submission

- 4 -

- 5 -

should be *ex parte* and *in camera,* submitted through CM/ECF Utilities, Proposed Orders.


Dated: June 27, 2017                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge


<div style="border:1px solid black; padding:1em;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 27, 2017.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager

</div>